UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MENACHEM ADLER, *individually and on behalf of all others similarly situated*,

                          Plaintiff,

v.

PENN CREDIT CORPORATION,

                          Defendant.

No. 19-CV-7084 (KMK)

OPINION & ORDER

Appearances:

David M. Barshay, Esq.
Jitesh Dudani, Esq.
Jonathan M. Cader, Esq.
Craig B. Sanders, Esq.
Barshay Sanders, PLLC
Garden City, NY
*Counsel for Plaintiff*

Richard J. Perr, Esq.
Monica M. Littman, Esq.
Kaufman Dolowich & Voluck, LLP
Philadelphia, PA
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

       Plaintiff Menachem Adler ("Plaintiff") brings this putative Class Action against Penn Credit Corporation ("Defendant"), alleging that Defendant engaged in unlawful credit and collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (Compl. (Dkt. No. 1).) Before the Court is Defendant's Motion To Dismiss (the "Motion"). (Not. of Mot. (Dkt. No. 22).) For the following reasons, Defendant's Motion is denied.

I.  Background

A.  Factual Background

The following facts are drawn from Plaintiff's Complaint and the documents attached to it, and are taken as true for the purpose of resolving the instant Motion.

Plaintiff alleges that he is a citizen of the State of New York and a "consumer," as defined by 15 U.S.C. § 1692a(3).  (Compl. ¶¶ 5, 7.)  Plaintiff also alleges that Defendant is a "debt collector," as defined by 15 U.S.C. § 1692a(6), with its principal place of business in Dauphin County, Pennsylvania.  (*Id.* ¶¶ 8, 13.)  The principal purpose of Defendant's business is to "regularly collect[] or attempt[] to collect debts" that are allegedly owed by consumers.  (*Id.* ¶¶ 9–11.)

Defendant has claimed that Plaintiff owes a debt arising out of a "delinquent utility bill." (*Id.* ¶¶ 26–27; *id.* Ex. A ("Payment Letter") (Dkt. No. 1-1).)  Once this debt was in default, it was "assigned or otherwise transferred" to Defendant for collection at a time unknown to Plaintiff. (Compl. ¶¶ 29–30.)  Thereafter, Defendant sent Plaintiff a letter dated May 20, 2019 requesting payment of the debt (the "Payment Letter" or the "Letter").  (*Id.* ¶¶ 31–32, 39.)  The Payment Letter states "REQUEST FOR PAYMENT" in large font across the top, and includes Defendant's name, hours, and phone number on the top left corner.  (*See* Payment Letter.)  The Letter reads

> Failure to contact our office leads us to believe that you do not have intentions of resolving your just debt.  If you are unable to pay in full, settlements and/or payment arrangements may be available.  We will do our best to work with you.  Please contact our office today, or go online to account.penncredit.com, or send a payment in full in the enclosed envelope.  This letter is from a debt collection agency.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

(*Id.*)  The Payment Letter notes that Plaintiff owed $122.14 for a "delinquent utility bill" with a "service date" of July 22, 2016.  (*Id.*)  The Payment Letter also directs the recipient to the "reverse side for important information concerning [his or her] rights."  (*Id.*)  This side of the Letter is not included with the Complaint.  (*See generally* Compl.)

      The bottom portion of the Payment Letter is a detachable coupon (the "Coupon") that states in capitalized font, "Detach and return with payment to expedite credit to your account."  (Payment Letter; Compl. ¶ 40.)  The following address is listed on the left side of the Coupon: P.O. Box 1259, Department 91047, Oaks, PA 19456 (the "Oaks Address").  (Payment Letter; Compl. ¶ 42.)  To the right of this address is a blank area for credit card information, and a directive that reads, "Visit http://account.penncredit.com to pay your bill online."  (*Id.*)  Below this information, the Coupon explains procedures related to payments by check, and under this statement, Plaintiff's address appears on the left, and the following address appears on the right, under an "ID Number," the date of the letter, and the label "PENN CREDIT": 2800 Commerce Drive, P[.]O[.] Box 69703, Harrisburg, PA 17106-9703 (the "Harrisburg Address").  (Compl. ¶ 43; Payment Letter.)  According to Plaintiff, the Payment Letter did not specify whether the payment should be mailed to the Oaks Address or the Harrisburg Address, which could lead the "least sophisticated consumer" to determine that payment must be mailed to either of those two addresses.  (Compl. ¶¶ 45–46.)  Thus, because the Payment Letter "is open to more than one reasonable interpretation by the least sophisticated consumer," Plaintiff alleges that it violates the FDCPA—specifically, 15 U.S.C. §§ 1692e and 1692e(10).  (*Id.* ¶¶ 48–50.)

Plaintiff seeks certification of the Action as a class action, as well as a finding that Defendant has violated the FDCPA, damages, attorneys' fees, costs, and "other relief that the Court determines is just and proper." (*Id.* at 7.)[1]

B.  Procedural Background

Plaintiff filed his Complaint on July 30, 2019.  (Dkt. No. 1.)  On September 4, 2019, Defendant filed a Pre-Motion Letter, seeking to file a motion to dismiss.  (Dkt. No. 7.)  The Court directed Plaintiff to respond to this Letter, (Dkt. No. 9), and Plaintiff did so on September 16, 2019, (Dkt. No. 11).  The Court held a Pre-Motion Conference on December 4, 2019, after the Parties requested to adjourn the Conference on its original date of November 7, 2019.  (Dkt. Nos. 13, 17; Dkt. (minute entry for Dec. 4, 2019).)  Pursuant to a briefing schedule set by the Court at the Pre-Motion Conference, (Dkt. (minute entry for Dec. 4, 2019); Dkt. No. 21), Defendant filed the instant Motion on January 10, 2020, (Not. of Mot.; Mem. of Law in Supp. of Mot. ("Def.'s Mem.") (Dkt. No. 23); Aff. of Thomas Perrotta (Dkt. No. 23-1).)  On January 31, 2020, Plaintiff filed a Response.  (Pl.'s Mem. in Opp'n to Mot. ("Pl.'s Mem.") (Dkt. No. 24).)  On February 7, 2020, Defendant filed its Reply.  (Def.'s Reply Mem. in Further Supp. of Mot. ("Def.'s Reply") (Dkt. No. 25).)

## II.  Discussion

Defendant argues that Plaintiff has failed to state a claim under the FDCPA because "the mere inclusion of multiple addresses in [the Payment Letter], without more, does not rise to the level of an actionable claim under the FDCPA." (Def.'s Mem. 9.)  Defendant also submits with

---

[1] Plaintiff represents that the class would consist of "[a]ll consumers to whom Defendant sent a collection letter substantially and materially similar to the [Payment] Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this [A]ction to the present." (Compl. ¶ 52.)

its Motion an Affidavit by Thomas Perrotta, Compliance Manager for Defendant, and several envelopes as exhibits, arguing that these envelopes may properly be considered with the Motion because they are "documents referenced in the pleadings" and are "integral to Plaintiff's Complaint." (*Id.* at 7.)[2]

    A.  Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief

---

[2] Plaintiff argues that the Court should not consider the Affidavit or the envelope exhibits with this Motion, as they were not included with the Complaint. (Pl.'s Mem. 9–11.) Because the envelopes are not dispositive to this Motion, the Court does not address whether they may be considered on a motion to dismiss. *See Musarra v. Balanced Healthcare Receivables, LLC*, No. 19-CV-5814, 2020 WL 1166449, at *6 n.1 (E.D.N.Y. Mar. 11, 2020) (finding the same).

will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In considering a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[f]or the purpose of resolving [a] motion to dismiss, the Court . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).

### B. FDCPA

"The purpose of the FDCPA is to 'eliminate abusive debt collection practices by debt collectors, to [e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (quoting 15 U.S.C. § 1692(e)). "The FDCPA establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights." *Id.* (citation and quotation marks omitted); *see also Plummer v. Atl. Credit & Fin., Inc.*, 66 F. Supp. 3d 484, 487 (S.D.N.Y. 2014) (same). "Debt collectors that violate the FDCPA are strictly liable, meaning that a consumer need not show intentional conduct by the debt collector

6

to be entitled to damages." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012) (quotation marks omitted). Moreover, a single violation is sufficient to subject a debt collector to liability under the statute. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 133 (2d Cir. 2010) (noting that "a single violation of the FDCPA is sufficient to impose liability").

"The FDCPA creates a general prohibition against the use of 'false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003) (quoting 15 U.S.C. § 1692e). "Section 1692e contains a non-exhaustive list of practices within the purview of this prohibition . . . ." *Id.* Relevant here is § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). "A plaintiff may state a claim for an FDCPA violation by alleging that a defendant made a representation that was false or deceptive or misleading." *Russo v. United Recovery Sys., LP*, No. 14-CV-851, 2014 WL 7140498, at *4 (E.D.N.Y. Dec. 12, 2014) (emphases, alteration, and quotation marks omitted); *see also Sutton v. Fin. Recovery Servs., Inc.*, 121 F. Supp. 3d 309, 313 (E.D.N.Y. 2015) ("A collection letter will be considered deceptive when it could mislead a putative-debtor as to the nature and legal status of the underlying debt, or when it could impede a consumer's ability to respond to or dispute collection." (citation, alteration, and quotation marks omitted)); *cf. Russell v. Equifax A.R.S.*, 74 F.3d 30, 34–35 (2d Cir. 1996) (finding a violation of § 1692e(10) where a consumer could have read a collection letter to allow her either 30 days or 10 days to dispute her claim). Courts "apply an objective test based on the understanding of the 'least sophisticated consumer' in determining whether a [communication] violates [§] 1692e." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993); *see*

*also Easterling*, 692 F.3d at 233 ("Whether a collection letter is false, deceptive, or misleading under the FDCPA is determined from the perspective of the objective least sophisticated consumer." (quotation marks omitted)).  "Under this standard, 'collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Easterling*, 692 F.3d at 233 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).  However, "in crafting a norm that protects the naïve and the credulous the courts have carefully preserved the concept of reasonableness." *Id.* (citation and quotation marks omitted).

> To prevail on a claim under the FDCPA, three requirements must be met:
>
> (1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements.

*Okyere v. Palisades Collection*, 961 F. Supp. 2d 522, 529 (S.D.N.Y. 2013) (citation omitted).  Here, Plaintiff alleges that he is a "consumer," as defined by 15 U.S.C. § 1692a(3), and that Defendant is a "debt collector," as defined by 15 U.S.C. § 1692a(6).  (Compl. ¶¶ 7, 13.)  Defendant does not dispute either of these allegations.  (*See generally* Def.'s Mem.)  Thus, the third requirement, that Defendant "has engaged in an[] act or omission in violation of FDCPA requirements," *Okyere*, 961 F. Supp. 2d at 529 (citation omitted), is the one at issue for the purposes of this Motion.

  Plaintiff argues that the Payment Letter is defective because it contains multiple addresses and does not specify to which address payment of the debt, or any other correspondence, should be sent.  (Pl.'s Mem. 13–17.)  According to Plaintiff, the Letter violates 15 U.S.C. § 1692e(10) because the Letter is, "in the eyes of the least sophisticated consumer, . . . open to more than one reasonable interpretation, at least one of which is inaccurate."  (Compl.

¶¶ 45–50 (citing *Clomon*, 988 F.2d at 1319).) As described above, the Coupon, which the Letter instructs should be "detach[ed] and return[ed] with payment to expedite credit to [an] account," includes three different addresses, one of which is Plaintiff's. (*See* Payment Letter.) The Oaks Address is on the top left corner of the Coupon, and the Harrisburg Address is on the bottom right. (*Id.*) Both the Oaks and Harrisburg Addresses are P.O. boxes, and neither is highlighted or specifically denoted as the correct address. (*Id.*) The Payment Letter does not provide further instruction on which address to use, instead generally directing the recipient to "send payment in full in the enclosed envelope" and to "contact our office today." (*Id.*)

  The Court finds that Judge Ross's recent decision in *Musarra* is instructive. There, the letter at issue also included a detachable coupon at the bottom. 2020 WL 1166449, at *4. The coupon included two P.O. box addresses, along with the consumer's address, all in similar positions to the addresses here. *Id.* Further, as with the Payment Letter, one of the addresses included the defendant's name over it, while the other did not. (*See* Compl. Ex. A (Dkt. No. 16-4, *Musarra v. Balanced Healthcare Receivables, LLC*, Case No. 19-CV-5814 (E.D.N.Y.)).) Additionally, the letter did not "emphasiz[e] any address" on the coupon, instead generally instructing that the coupon should be detached and returned with payment. *Musarra*, 2020 WL 1166449, at *4–5. Judge Ross determined that the organization of the addresses on the detachable coupon and the lack of clarifying instructions could "invite confusion," and, as such, the plaintiffs stated a plausible claim under the FDCPA. *Id.* at *6; *see also Pinyuk v. CBE Grp., Inc.*, No. 17-CV-5753, 2019 WL 1900985, at *7 (E.D.N.Y. Apr. 29, 2019) (concluding that the plaintiff stated a plausible claim under the FDCPA when, inter alia, a detachable coupon included two P.O. box addresses and did not clarify to which address the coupon should be sent).

Defendant distinguishes *Pinyuk*, and would therefore presumably distinguish *Musarra*, on the basis that the payment letters in those cases included an additional unlabeled address at the top. (Def.'s Mem. 14–15.) *See Musarra*, 2020 WL 1166449, at *4; *Pinyuk*, 2019 WL 1900985, at *7. However, the inclusion of a third unlabeled address was not the sole reason for Judge Ross's decision in *Musarra*, and the Court does not find that the lack of a third unlabeled address here warrants dismissal of the Complaint. Indeed, independent of the extra address at the top of the letter, Judge Ross found that "[t]he coupon, crowded with three addresses, [one of which was the consumer's, was] visually confusing," and that instructions for mailing the coupon and payment were "vague." 2020 WL 1166449, at *6. Here, too, even without another address at the top of the Letter, the formatting of the Coupon, also "crowded with three addresses," one of which is Plaintiff's, and the lack of direction on which address to use, could plausibly "invite confusion," *id.* Additionally, although Defendant argues that Plaintiff does not claim confusion, whereas in *Pinyuk*, "the plaintiff alleged that she was *actually* confused as to which of the locations to mail her dispute to, and thus she *actually* did not mail the letter," (Def.'s Mem. 15 (emphasis in original) (citing *Pinyuk*, 2019 WL 1900985, at *7)), Plaintiff need not make such an allegation to state a claim under the FDCPA. Instead, "[i]n order to prevail, it is not necessary for a plaintiff to show that [he] [him]self was confused by the communication [he] received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008) (further explaining that the FDCPA "enlists the efforts of sophisticated consumers . . . as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act" (footnote omitted)).

Defendant argues that this case is more closely analogous to *Park v. Forster & Garbus, LLP*, No. 19-CV-3621, 2019 WL 5895703 (E.D.N.Y. Nov. 12, 2019), and *Saraci v. Convergent Outsourcing, Inc.*, No. 18-CV-6505, 2019 WL 1062098 (E.D.N.Y. Mar. 6, 2019). The Court disagrees. In *Park*, the detachable coupon included only two addresses, one of which belonged to the consumer, that were located in areas typically designated for addresses and return addresses. 2019 WL 5895703, at *1, *4–5. Further, the coupon specifically directed the plaintiff to "return [it] with payment to [the P.O. box address]," and a "prominent arrow" on the coupon pointed to the same address "for extra emphasis." *Id.* at *1, *4 (record citation omitted). Thus, although the payment letter included a different P.O box address above the detachable coupon, the court found that "[h]aving been *explicitly advised* that both correspondence responsive to the validation notice and payment should be sent to the same address, the [least sophisticated consumer] . . . could easily reach the conclusion that the P.O. [b]ox [address was] the proper destination for any written disputes of the debt." *Id.* at *4 (emphasis added) (citation and quotation marks omitted). Conversely, here, the Coupon displays multiple addresses in close proximity, does not provide explicit instructions on which address to use, and does not emphasize the Harrisburg Address in any way. (*See* Payment Letter.)

Similarly, in *Saraci*, decided on summary judgment, the letter at issue included only one address on the detachable coupon, and listed that address at least two other times on the front of the letter, while the second address appeared only once. 2019 WL 1062098, at *2. Each time the correct address was used, it was labeled with the defendant's company name. *Id.* The letter also explicitly instructed that the recipient should mail any disputes to "this office." *Id.* (quotation marks omitted). The court concluded that because the office address was listed "three times under [the defendant's name], it [was] clear that the . . . address [was the] defendant's

11

office address," particularly because the address was, in at least one location, "listed next to [the] defendant's office hours and telephone number." *Id.* at *3. The Coupon before this Court includes two addresses besides that of Plaintiff and no additional instructions on which one is correct. (*See* Payment Letter.) Further, although the Harrisburg Address is denoted with Defendant's name, it is located in close proximity to the Oaks Address, which is "not identified as being associated with some other entity." *Musarra*, 2020 WL 1166449, at *5. Thus, it is reasonable "for the [least sophisticated consumer] to assume it too is an address for [Defendant]." *Id.*

Although Defendant argues that any possible confusion would be cured by use of the enclosed envelope, which had a glassine window through which only the correct address would be visible, (Def.'s Mem. 12), it remains the case that "[t]he [C]oupon, crowded with three addresses, is visually confusing," particularly given that it is not formatted like a standard envelope, *Musarra*, 2020 WL 1166449, at *6. As such, "[a] least sophisticated consumer could be confused about what to make of the multiple addresses, and wonder whether the correct one was displayed in the glassine window," *id.*, or, if the consumer misplaced or disposed of the allegedly provided envelope, the consumer could be confused about how to address an envelope of his or her own.

Thus, given the appearance of the Coupon and the lack of clear instructions in the Payment Letter, the Court finds that Plaintiff has stated a plausible claim under the FDCPA and that it cannot dismiss the Complaint at this early stage. Instead, discovery will clarify whether the possibility for confusion over the addresses is material. For example, "if it was possible for a consumer to send a dispute to any of the [two] addresses and have it properly processed, the [Payment] [L]etter would not be materially misleading." *Id.* at *6; *see also Becker v. Genesis*

*Fin. Servs.*, No. 06-CV-5037, 2007 WL 4190473, at *7 (E.D. Wash. Nov. 21, 2007) (noting, on a motion for summary judgment, that although "[t]wo separate addresses on a single letter could confuse the least sophisticated consumer," the plaintiff "fail[ed] to refute [the defendant's] statement that both addresses accepted debt disputes").  However, this is a factual issue that must await summary judgment.

### III.  Conclusion

For the foregoing reasons, Defendant's Motion To Dismiss is denied.  The Court will hold a status conference via teleconference on August 27, 2020 at 10:30 a.m.

The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No. 22).

SO ORDERED.

DATED:   August 3, 2020
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE