

**KAUFMAN DOLOWICH VOLUCK**
ATTORNEYS AT LAW

*Monica M. Littman, Esquire*
*mlittman@kdvlaw.com*

# MEMO ENDORSED

**Kaufman Dolowich & Voluck, LLP**
Four Penn Center
1600 John F. Kennedy Blvd., Suite 1030
Philadelphia, PA 19103
Telephone: 215-501-7002
Facsimile: 215-405-2973

www.kdvlaw.com

January 21, 2021

**Via ECF**

The Honorable Kenneth M. Karas
Judge, United States District Court
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

> **RE:** **Menachem Adler, individually and on behalf of all others similarly situated**
> **v. Penn Credit Corporation**
> **U.S.D.C., S.D.N.Y., Civil Action No. 7:19-cv-07084-KMK**

Dear Judge Karas:

I represent Defendant, Penn Credit Corporation ("Defendant"), in the above matter. Plaintiff, Menachem Adler ("Plaintiff"), was scheduled to appear on January 20, 2021 at his deposition, via video conference, however, Plaintiff failed to appear. As of the timing of the filing of this letter, counsel for Plaintiff has not contacted Defendant with any proposed new dates for Plaintiff's deposition.

I am submitting this letter to request a pre-motion discovery conference regarding Defendant's request to file a motion: (1) to compel Plaintiff to appear in person or with his counsel for a court-ordered deposition; (2) to extend the January 27, 2021 discovery deadline; and (3) to seek Defendant's attorney's fees and costs incurred in preparing for and attending the deposition on January 20, 2021 as sanctions under Rule 37(d)(1)(A)(i) of the Federal Rules of Civil Procedure due to Plaintiff's failure to appear. (Doc. 33). Defendant also seeks to file a motion to dismiss this case should Plaintiff fail to cooperate in discovery and appear for his deposition. Defendant submits that there is good cause to extend the discovery deadline due to Plaintiff's failure to appear for his properly noticed deposition. Fed. R. Civ. P. 16(b)(4). This is also Defendant's first request to extend the discovery deadline.

The parties initially agreed to hold Plaintiff's deposition on January 22, 2021, and I sent a Notice of Deposition to counsel for Plaintiff on January 5, 2021. The Notice of Deposition specified that the deposition would take place via a video conference. On January 11, 2021, counsel for Plaintiff asked if the deposition could be moved to January 20, 2021 in the afternoon at the request of Plaintiff. Defendant accommodated this request, and the deposition was rescheduled to take place on January 20, 2021, at 12:30 p.m.

New York | Pennsylvania | New Jersey | San Francisco | Los Angeles | Florida | Chicago

The Honorable Kenneth M. Karas
January 21, 2021
Page 2 of 3

On January 15, 2021, counsel for Plaintiff informed Defendant for the first time that Plaintiff would need an interpreter at his deposition. Defendant immediately contacted the court reporting service to see if an interpreter was available, and was subsequently informed that an interpreter could assist on January 20th.

On January 20, 2021, at 12:30 p.m., undersigned counsel, counsel for Plaintiff, the court reporter, and the interpreter all logged on to the video conference link that was provided by the court reporting service. Another individual, who may have been the Plaintiff, attempted to log on to the video link. All parties could only partially see this individual as he never moved into the full view of the camera. Plaintiff's counsel was unable to confirm whether this individual was the Plaintiff. This individual did not connect his audio to the video conference link. As a result, all parties could not communicate verbally with this individual. Counsel for Plaintiff and his office staff attempted to call Plaintiff via telephone several times in an attempt to resolve the audio issue but was only able to leave Plaintiff voicemail messages. Counsel for Plaintiff also emailed Plaintiff but Plaintiff did not respond. Plaintiff's counsel advised that another attorney from his office had spoken with Plaintiff earlier in the day.

After 1:00 p.m., the parties who were on the video call took a short break so that counsel for Plaintiff could again attempt to reach Plaintiff. At 1:30 p.m., undersigned counsel, counsel for Plaintiff, the court reporter, and the interpreter all logged on to the video conference link but Plaintiff did not log on. Counsel for Plaintiff was never able to reach Plaintiff.

Undersigned counsel advised counsel for Plaintiff that Defendant would be seeking its fees and costs, including the interpreter's costs, due to Plaintiff's failure to appear for his deposition. Undersigned counsel also advised counsel for Plaintiff that it was counsel's responsibility to ensure that Plaintiff was prepared to use the technology that was required for the deposition. Undersigned counsel asked Plaintiff's counsel to provide a new date that day for Plaintiff's deposition. Counsel for both parties discussed that January 22, 2021 would work as the interpreter was available that day. However, counsel for Plaintiff did not know if Plaintiff was available on January 22, 2021.

Defendant incurred attorney's fees and costs in preparing for Plaintiff's deposition, which included sending Plaintiff's counsel hard copies of the exhibits prior to the deposition since it would be taking place via video conference and the interpreter's fees. Defendant is prepared to submit a fee petition with the amounts that it has incurred.

This Court should compel Plaintiff to appear in-person or with his counsel for his deposition so that his counsel can ensure that Plaintiff uses the video conference technology properly. If Plaintiff fails to continue to cooperate in the discovery process, this Court should dismiss his Complaint as a sanction. Fed. R. Civ. P. 37(b)(2)(A)(v); *see Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302–303 (2d Cir. 2009) (The following factors are used to evaluate a district court's discretion to dismiss an action under Rule 37: "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of ... noncompliance.'") (citations omitted). "[D]ismissal pursuant to Rule 37 is appropriate 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a

The Honorable Kenneth M. Karas
January 21, 2021
Page 3 of 3

sanction.'" *Id.* (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, (1976)). Plaintiff was on notice of his deposition and completely failed to appear and cooperate in the discovery process.

Defendant respectfully requests that Your Honor set a court-ordered date for Plaintiff's deposition and extend the January 27, 2021 discovery deadline date as the new date for Plaintiff's deposition may be past January 27, 2021. (Doc. 33). Defendant will have to confirm that an interpreter is available for the new date. Due to Plaintiff's delay, it is also possible that Defendant may request that the February 9, 2021 deadline for Defendant's pre-motion summary judgment letter be adjourned.

Respectfully,

/s/ Monica M. Littman
MONICA M. LITTMAN

cc:  All Counsel of Record (via ECF)

4847-3397-6280, v. 1

Plaintiff is to respond to this letter by 1/26/21. No extensions will be granted.

So Ordered.

1/22/21