UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MENACHEM ADLER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>PENN CREDIT CORPORATION,<br><br>Defendant. | Docket No: 7:19-cv-07084-KMK<br><br>**NOTICE OF MOTION FOR RECONSIDERATION OF THE DECISION AND ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANT** |

**PLEASE TAKE NOTICE** that upon the accompanying Memorandum of Law, together with any and all further memoranda, documents, declarations and/or affidavits submitted in connection therewith, Plaintiff, Menachem Adler ("*Plaintiff*"), hereby moves this Court, on a date and time to be set by the Court, before the Honorable Kenneth M. Karas, U.S.D.J., at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, NY 10601, for an Order granting Plaintiff's Motion for reconsideration of the decision and Order which granted Summary Judgment to Defendant on the grounds that the Court lacked subject matter jurisdiction to have issued such Order and judgment, and for such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
March 22, 2022

Respectfully submitted,

SANDERS LAW GROUP
*Attorneys for Plaintiff*

By: ___s/ *Jonathan M. Cader* _____
Jonathan M. Cader, Esq.
100 Garden City Plaza, Fifth Floor
Garden City, New York 11530
Telephone: (516) 203-7600
jcader@sanderslaw.group

**MEMO ENDORSED**

**Motion denied. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To be sure, litigation questioning a plaintiff's standing is rare at the summary judgment stage than it is at the motion to dismiss stage, but nonetheless, there is ample precedent for granting summary judgment to a defendant in an action in which a plaintiff failed to establish sufficient injury so as to confer standing. Indeed, the Second Circuit recently affirmed, albeit it via summary order, such a grant of summary judgment in favor of a defendant where "[i]t was [the plaintiff's] burden to establish standing, and [where the plaintiff] . . . failed to do so." *1077 Madison St., LLC v. Smith*, 670 F. App'x 745, 747 (2d Cir. 2016) (summary order). District courts in this circuit have also granted summary judgment in favor of defendants where plaintiffs failed to establish standing. *See Hurley v. Tozzer, Ltd.*, No. 15-CV-2785, 2018 WL 1087946, at *2–3 (S.D.N.Y. Feb. 26, 2018) (granting the defendant's motion for summary judgment finding that the plaintiff failed to allege facts sufficient to confer standing); *Infanti v. Scharpf*, No. 06-CV-6552, 2012 WL 511568, at *8 (E.D.N.Y. Feb. 15, 2012) (adjudicating a defendant's motion "for summary judgment on the ground that [the] plaintiff lacks standing" citing *Lujan v. Defendants of Wildlife*, 504 U.S. 555, 560–61 (1992), and ultimately holding that, "[w]hether characterized as a lack of standing or as a failure to state a claim for negligence, it is apparent the alleged injuries are to [the defendant], not to [the] plaintiff, and summary judgment must be granted to the defendants."); *Tabbs v. New Rochelle Neighborhood Revitalization Corp.*, No. 94-CV-4753, 1995 WL 546950, at *2 (S.D.N.Y. Sept. 14, 1995) (granting the defendant's motion for summary judgment finding that the plaintiff failed to allege facts sufficient to confer standing). Moreover, other circuit courts of appeal have affirmed grants of summary judgments wherein plaintiffs failed to establish standing. *See Byers v. City of Albuquerque*, 150 F.3d 1271, 1276 (10th Cir. 1998) (affirming the district court's grant of summary judgment to the defendants where plaintiffs lacked standing); *Westborough Mall, Inc. v. City of Cape Girardeau, Mo.*, 693 F.2d 733, 747–48 (8th Cir. 1982) ("[W]e affirm the district court's grant of summary judgment in favor of all defendants on Count 7 of plaintiffs' complaint. Because we agree that the plaintiffs lack standing under current state law, we need not consider the district court's rulings on the substantive issues raised by the plaintiffs." (footnote omitted)). Accordingly, Plaintiff's Motion is denied.**

SO ORDERED

KENNETH M. KARAS U.S.D.J.

**Date: 3/25/2022**